## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **MARK OVERALL,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case No. 4:17-cv-02063-KOB** |
| | ] | |
| **W.N. WATSON, et al.** | ] | |
| | ] | |
| **Defendants.** | ] | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Mark Overall, a suspended attorney proceeding *pro se*, filed suit against the Alabama State Bar and several of its current and former officers, raising claims of race discrimination, deprivation of the right to work, and violation of his substantive and procedural due process rights. (Doc. 1). Mr. Overall consented to a temporary suspension of his law license, and after the suspension period had run, he filed several petitions to reinstate his license. The Alabama State Bar denied his petitions, and eventually summarily suspended his license for failure to pay costs related to his first two petitions for reinstatement. Mr. Overall filed this 42 U.S.C. § 1983 lawsuit, alleging various constitutional violations related to his suspension proceedings.

Mr. Overall filed this suit against (1) the Alabama State Bar; (2) W.N. Watson, the Chairman of the Alabama State Bar's Disciplinary Commission; (3) Jeremy McIntire, the Assistant General Counsel of the Alabama State Bar; and (4) Billy Bedsole, a former disciplinary officer of the Alabama State Bar. (*Id.* at 2). Mr. Overall voluntarily dismissed the fifth defendant, Alicia Bennett. (Docs. 7, 8).

Defendants moved to dismiss a number of counts, attaching evidence to their motion. (Doc. 10). As a result, the court converted the motion to dismiss to a motion for summary judgment and gave Mr. Overall the opportunity to file evidence and respond in opposition. (Docs. 10, 13). As the court will explain at more length below, Defendants appear to believe their motion addresses the entire complaint, but because they present no argument or evidence about several of Mr. Overall's claims, the court construes the motion to be one for partial summary judgment. Briefing is now complete. As set out below, the court will grant the motion as to all claims it addresses.

## I.    BACKGROUND

Although the court converted Defendants' motion to dismiss into a motion for summary judgment, the parties do not dispute any of the facts. (*See, e.g.*, Docs. 11, 15). The undisputed facts are that in 2010, Mr. Overall was admitted to practice law in Alabama, but in May 2013, he entered a plea agreement in which he agreed to plead guilty to several reports of misconduct. (Doc. 12-2 at 1–5). He and the Alabama State Bar agreed that the Bar would suspend his license for 91 days, but that it would hold the suspension in abeyance and place Mr. Overall on probation for two years. (*Id.* at 4, 7, 10).

In August 2013, with Mr. Overall's consent, the Alabama State Bar's Disciplinary Commission revoked his probation and suspended his license for 91 days based on additional violations of the Alabama Rules of Professional Conduct. (*Id.* at 128–30, 141–42). Once the suspension period had run, Mr. Overall filed three petitions for reinstatement. (Doc. 12-3 at 1–2; Doc. 12-5 at 1–4; Doc. 12-6 at 1–3).

The Alabama State Bar's Disciplinary Board denied Mr. Overall's first two petitions. (Doc. 12-3 at 16; Doc. 12-5 at 23–27). While his third petition for reinstatement was pending,

the Alabama State Bar's Disciplinary Commission summarily suspended Mr. Overall's license for failure to pay costs related to his first and second petitions for reinstatement. (Doc. 12-6 at 33–34). As a result, the Disciplinary Board dismissed Mr. Overall's third petition for reinstatement, finding that he was not eligible for reinstatement because his license had been summarily suspended. (*Id.* at 45). The Commission will dissolve the suspension and consider reinstatement only if Mr. Overall pays the unpaid costs. (Doc. 12-1 at 4). Mr. Overall filed an appeal from the denial of his first petition for reinstatement, which the Alabama Supreme Court affirmed. (Doc. 12-3 at 73; Doc. 12-4 at 82). He did not appeal the denial of his second petition or the dismissal of his third petition. (Doc. 12-1 at 3–4).

In addition to his petitions for reinstatement, Mr. Overall also filed three petitions requesting permission to seek employment in the legal profession. (Doc. 12-8 at 1–2, 4–5, 12–13). The Disciplinary Commission denied all three petitions. (*Id.* at 3, 11, 15).

The court WILL GRANT Defendants' motion for partial summary judgment. (Doc. 10). For the sake of clarity, the court will address any jurisdictional bars applicable to each claim. Then, once the court has winnowed out the *claims* over which it lacks jurisdiction, the court will address both jurisdictional and merits-based arguments relevant to the defendants, grouped as follows: (1) the Alabama State Bar; (2) Mr. Watson and Mr. Bedsole; and (3) Mr. McIntire.

Mr. Overall asserts the following claims:

Count 1:     Defendants have engaged in a pattern or practice of racial discrimination "to intentionally limit, exclude, and remove black lawyers," in violation of equal protection;

Count 2:     The penalty of suspension for failing to pay costs, set out in Rules 8(e) and 28(e) of the Alabama Rules of Disciplinary Procedure, deprives attorneys of the right to work for lack of financial resources, in violations of equal protection and due process, both facially and as applied to him;

| Count 3: | The timing of the procedures in a reinstatement petition, set out in Rule 28(b) and (c), violates substantive and procedural due process, both facially and as applied to him; |
|---|---|
| Count 4 | The burden of proof at Mr. Overall's reinstatement hearing, set out in Rule 28(c), violated his substantive and procedural due process rights; |
| Count 5: | Defendants' submission of Mr. Overall's previous record at his reinstatement hearings violated his substantive and due process rights; |
| Count 6 | Defendants' method of ruling on Mr. Overall's reinstatement petitions, as set out in Rule 28(g), violated his substantive and procedural due process rights; |
| Count 7: | Rule 28(i), which prohibits attorneys from petitioning for reinstatement for a year after a final adverse order of the Disciplinary Board, violates substantive and procedural due process, both facially and as applied to him; |
| Count 8: | Rule 26(h)(1) and (2), which prevents disbarred and suspended lawyers from working in the legal profession, violates substantive and procedural due process, both facially and as applied to him; and |
| Count 9 | Defendants' denial of Mr. Overall's right to work violates his equal protection and due process rights. |

(Doc. 1 at 5–18).

Mr. Overall names all four defendants—the Alabama State Bar, Mr. Watson, Mr. Bedsole, and Mr. McIntire—in each count. He requests the same relief for each count: (1) an order declaring Defendants' actions and the Alabama Rule of Disciplinary Procedure at issue to be unconstitutional; (2) an injunction ordering Defendants to cease the unconstitutional violations; and (3) "[a]ny further relief that is just and proper." (*Id.*).

First, the court WILL DISMISS WITHOUT PREJUDICE Count One in its entirety for lack of standing. The court WILL DISMISS WITHOUT PREJUDICE the parts of Counts Two and Three raising as-applied challenges to Mr. Overall's own disciplinary proceedings, because

the *Rooker-Feldman*[1] doctrine bars those claims. The court WILL DISMISS WITHOUT PREJUDICE Counts Four, Five, and Six in their entirety because the *Rooker-Feldman* doctrine bars those counts. The court WILL DISMISS WITHOUT PREJUDICE the part of Count Eight raising a facial challenge to Rule26(h)(1) because Mr. Overall lacks standing to bring that part of that claim, and WILL DISMISS WITHOUT PREJUDICE the part of Count Eight that asserts an as-applied challenge to Mr. Overall's own disciplinary proceedings as barred by the *Rooker-Feldman* doctrine. The court WILL DISMISS WITHOUT PREJUDICE Count Nine in its entirety as barred by the *Rooker-Feldman* doctrine.

The court has jurisdiction over parts of Counts Two, Three, Seven, and Eight. Specifically, the court has jurisdiction over the facial challenges raised in Counts Two and Three; the facial and as-applied challenges raised in Count Seven; and the part of Count Eight that raises a facial challenge to Rule 26(h)(2). As a result, the court will address the merits of only those claims that Defendants challenge.

Next, the court must address the three groups of defendants: (1) the Alabama State Bar, (2) Mr. Watson and Mr. Bedsole, and (3) Mr. McIntire. The court lacks jurisdiction over the Alabama State Bar because it is an arm of the State entitled to Eleventh Amendment immunity, so the court WILL DISMISS WITHOUT PREJUDICE the Alabama State Bar as a defendant.

Defendants put forth no jurisdictional bars applicable to Mr. Watson and Mr. Bedsole, and the court concludes that it has jurisdiction over them. Nevertheless, the court WILL GRANT Defendant's motion for summary judgment and WILL ENTER SUMMARY JUDGMENT in favor of Mr. Watson and Mr. Bedsole and against Mr. Overall as to all claims

---

[1] The name of the *Rooker-Feldman* doctrine derives from two Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1986). In brief, that doctrine holds that federal courts may not "exercise[e] appellate jurisdiction over final state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)).

over which the court has jurisdiction because Mr. Watson and Mr. Bedsole no longer held office when Mr. Overall filed this suit, so they cannot afford Mr. Overall the prospective relief he seeks in this lawsuit.

Finally, the court finds that the Eleventh Amendment protects Mr. McIntire from (1) the part of Count Two challenging the facial constitutionality of Rule 28(e), and (2) Count Eight. So the court WILL DISMISS WITHOUT PREJUDICE those parts of Counts Two and Eight. But the Eleventh Amendment does not bar the remaining claims against Mr. McIntire (*i.e.*, the facial challenge to Rule 8(e) raised in Count Two; the facial challenge to Rule 28(b) and (c) raised in Count Three; and the facial and as-applied challenges to Rule 28(i), raised in Count Seven). The court WILL GRANT Defendants' motion for summary judgment and WILL ENTER SUMMARY JUDGMENT in Mr. McIntire's favor and against Mr. Overall on the facial challenge raised in Count Two because Rule 8(e) is facially constitutional. The court WILL GRANT Defendants' motion for summary judgment and WILL ENTER SUMMARY JUDGMENT in Mr. McIntire's favor and against Mr. Overall on the as-applied challenge raised in Count Seven because Mr. McIntire has not demonstrated that Defendants provided him inadequate process.

But, because Defendants' motion for partial summary judgment does not address the part of Count Three challenging the facial constitutionality of Rule 28(b) and (c) or the part of Count Seven challenging the facial constitutionality of Rule 28(i), the court will not address whether Mr. McIntire is entitled to summary judgment as to those claims. In short, the court will either dismiss or grant summary judgment in favor of defendants on all claims **except** the claims against Mr. McIntire in Count Three, challenging the facial constitutionality of Rule 28(b) and (c); and Count Seven, challenging the facial constitutionality of Rule 28(i).

## II.    DISCUSSION

Before the court can address Defendants' motion for partial summary judgment, the court must clarify the scope of Mr. Overall's complaint and of Defendants' motion.

### 1.    Mr. Overall's Complaint

Typically, the court liberally construes pleadings by *pro se* parties. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But because Mr. Overall is an attorney—albeit one whose license the Alabama State Bar has suspended—the court cannot afford him the same liberal construction. *See Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977)[2] ("We cannot accord [the plaintiff] the advantage of the liberal construction of his complaint normally given pro se litigants, because he is a licensed attorney.") (citation omitted); *see also Santos v. Soc. Sec. Admin., Comm'r*, __ F. App'x __, 2018 WL 1830908 (11th Cir. Apr. 17, 2018) ("Though *pro se* litigants are normally afforded liberal construction, we do not typically do so for former attorneys . . . .").

Defendants' motion for partial summary judgment construes Mr. Overall's complaint to request declaratory orders, injunctive relief, *and* monetary damages. (*See* Doc. 11 at 20). The court declines to so liberally construe the complaint. Mr. Overall does not request monetary damages; the only forms of relief he expressly seeks are (1) orders declaring unconstitutional certain rules and practices, and (2) injunctive relief preventing Defendants from continuing their allegedly unconstitutional actions. (Doc. 1 at 5–18). His passing references to "[a]ny further relief that is just and proper" are insufficient to assert a request for monetary damages. So, if Mr. Overall intended to seek monetary damages, his complaint failed to do so.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

Defendants also construe Mr. Overall's motion to name the individual defendants in their official *and* individual capacities. (Doc. 11 at 14–23). Again, the court declines to so liberally construe Mr. Overall's complaint. The complaint does not clearly state whether he seeks to hold the individual defendants liable in their official capacities, individual capacities, or both. (*See* Doc. 1 at 2). But because Mr. Overall seeks only declaratory and injunctive relief, the court does not construe his complaint to raise any claims against the individual defendants in their individual capacities. *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("When a plaintiff sues a municipal officer in the officer's individual capacity . . . , the plaintiff seeks money damages directly from the individual officer."); *Ingle v. Adkins*, __ So. 3d __, 2017 WL 5185288, at *2 (Ala. 2017) ("[A] suit for injunctive relief against a State official in his or her individual capacity would be meaningless. This is so, because State officials act for and represent the State *only in their official capacities.*") (emphasis in original). Mr. Overall indicates that he named the individual defendants because their conduct "constitutes state action," not because they are personally liable for monetary damages. (*See* Doc. 1 at 2). Accordingly, the court reads Mr. Overall's complaint to raise only official-capacity claims.

Finally, throughout his complaint, Mr. Overall uses the terms "*per se*" and "as applied" to describe the scope of his claims. (*See* Doc. 1 at 5–18). The court construes Mr. Overall's use of the term "*per se*" to mean a facial challenge seeking to invalidate the rule at issue. *See United States v. Frandsen*, 212 F.3d 1231, 1235 (11th Cir. 2000) ("A facial challenge, as distinguished from an as-applied challenge, seeks to invalidate a statute or regulation itself."). The court construes Mr. Overall's use of the term "as applied" to mean a challenge to the manner in which Defendants applied the Alabama Rules of Disciplinary Procedure in his own disciplinary proceedings. (*See, e.g.*, Doc. 1 at 5–18).

As set out above, Count One raises a claim of racial discrimination. (Doc. 1 at 5–7). Counts Two, Three, Seven, and Eight raise facial *and* as-applied challenges to various Alabama Rules of Disciplinary Procedure. (*Id.* at 7–10, 15–17). And Counts Four, Five, Six, and Nine raise *only* as-applied challenges to certain Alabama Rules of Disciplinary Procedure. (*Id.* at 11–15, 18).

In summary, the court reads Mr. Overall's complaint to seek only declaratory and injunctive relief; to name the individual defendants only in their official capacities; to raise as-applied constitutional challenges to certain Alabama Rules of Disciplinary Procedure in Counts Two through Nine; and to *also* raise facial constitutional challenges to certain Alabama Rules of Disciplinary Procedure in Counts Two, Three, Seven, and Eight.

### 2. Defendants' Motion for Summary Judgment

Defendants' motion to dismiss, which the court converted into a motion for partial summary judgment, sought the dismissal of the complaint in part on jurisdictional grounds and in part on the merits. (*See generally* Doc. 11). Although Defendants sought dismissal of the entire complaint, the motion does not address several of Mr. Overall's claims. Specifically, the court has construed Count Three to raise a facial challenge to Alabama Rule of Disciplinary Procedure 28(b) and (c), and Count Seven to raise a facial challenge to Rule 28(i), but Defendants attack only the part of those claims making as-applied challenges to those rules. For that reason, the court construes Defendants' motion for summary judgment to be one for *partial* summary judgment. Because the motion does not address the facial challenges raised in Counts Three and Seven, those claims will survive Defendants' motion for summary judgment.

3.     Jurisdictional Bars to the Claims

Defendants assert jurisdictional bars to different combinations of claims and defendants. (*See* Doc. 11). To simplify this memorandum opinion, the court will, first, address the jurisdictional bars applicable to each claim. Only after the court has winnowed out the claims over which it lacks jurisdiction will the court address any jurisdictional or merits-based arguments relating to the specific defendants. At that point, the court will group the defendants as follows: (1) the Alabama State Bar; (2) Mr. Watson and Mr. Bedsole; and (3) Mr. McIntire.

### a.     Standing

Defendants contend that Mr. Overall lacks standing to raise Count One and part of Count Two. (Doc. 11 at 23–24, 29–30). Count One alleges that Defendants have engaged in a pattern or practice of racial discrimination in violation of equal protection. (*See* Doc. 1 at 5–6). And Count Two attacks the constitutionality of the Alabama Rule of Disciplinary Procedure providing that a petitioner must pay the costs associated with a reinstatement proceeding. (*Id.* at 7–9).

Determining a plaintiff's standing plays a significant role in determining the court's jurisdiction to hear a case. "Article III of the Constitution confines the reach of federal jurisdiction to 'Cases' and 'Controversies.'" *Alabama–Tombigbee Rivers Coal. v. Norton*, 338 F.3d 1244, 1252 (11th Cir. 2003) (quoting U.S. Const. art. III, § 2). To establish Article III standing, the plaintiff bears the burden of showing (1) an "injury in fact"; (2) a "causal connection between the injury and the conduct complained of"; and (3) "that the injury will be redressed by a favorable decision." *Bloedorn v. Grube*, 631 F.3d 1218, 1228 (11th Cir. 2011) (quotation marks omitted)). The injury must be "'concrete and particularized' and 'actual or imminent.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan*, 504 U.S. at

560 (1992)).  And a plaintiff who, like Mr. Overall, seeks only declaratory or injunctive relief

must establish "a real and immediate threat of future injury" by showing "a sufficient likelihood

that he will be affected by the allegedly unlawful conduct in the future."  *Koziara v. City of*

*Casselberry*, 392 F.3d 1302, 1305 (11th Cir. 2004) (quotation marks omitted).

As Defendants point out, Count One does not challenge any specific Rule of Disciplinary

Procedure; it challenges only Defendants' alleged pattern or practice of "limit[ing], exclud[ing],

and remov[ing] black lawyers" from the Alabama Bar.  (Doc. 1 at 5).  And, in Count One,

Mr. Overall seeks (1) an order declaring that Defendants have engaged in a pattern or practice of

race discrimination, and (2) an injunction ordering Defendants to cease the unconstitutional

conduct and "set up an organization free of racial bias and discriminatory practices."  (Doc. 1 at

5–7).  As a result, to establish standing, Mr. Overall must show "a sufficient likelihood that he

will be affected by the allegedly unlawful conduct in the future."  *Koziara*, 392 F.3d at 1305.

The court finds that Mr. Overall lacks standing to raise Count One.  Mr. Overall alleged

in his complaint that the Alabama State Bar's denial of *one* of his petitions for reinstatement was

the result of racial discrimination.  (Doc. 1 at 6).  The complaint does not address whether racial

discrimination caused the denial of his second petition or the dismissal of this third petition, or

whether the Disciplinary Board would deny or dismiss future petitions based on racial

discrimination.  (*See generally* Doc. 1).  Nor does Mr. Overall allege or present evidence

showing that he intends to seek reinstatement again.  (*See generally id.*).  The allegation that the

Alabama State Bar denied one of his petitions based on racial discrimination fails to show a

sufficient likelihood that Mr. Overall will be affected by the allegedly discriminatory conduct

again, and therefore is insufficient to confer standing for a declaratory judgment and injunctive

relief. *See Koziara*, 392 F.3d at 1305. The court WILL DISMISS Count One for lack of standing.

Defendants also challenge Mr. Overall's standing to raise part of Count Two. (Doc. 11 at 29–30). The relevant part of Count Two challenges Alabama Rule of Disciplinary Procedure 28(e). Rule 28(e) provides that if a petitioner fails to pay the costs associated with the denial of his petition for reinstatement, he may not file another petition for reinstatement until he pays those costs. Ala. R. Disc. P. 26(e). Mr. Overall unsuccessfully petitioned for reinstatement and failed to pay the costs of his reinstatement proceedings, so Defendants dismissed his third petition for reinstatement. (Doc. 12-3; Doc. 12-5; Doc. 12-7 at 1, 34–35).

Defendants contend that Mr. Overall lacks standing to challenge Rule 28(e) because if he pays the costs assessed against him, the rule will not be a barrier to his filing another petition for reinstatement. (Doc. 11 at 29). But Mr. Overall has not paid those costs, and has not indicated that he *will* pay those costs, so he has shown "a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Koziara*, 392 F.3d at 1305. The court finds that Mr. Overall has standing to raise the part of Count Two challenging Rule 28(e) on its face.

Defendants do not make any argument about Mr. Overall's standing to raise his other claims. But the court has an obligation to satisfy itself of its own jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). And the court concludes that Mr. Overall also lacks standing to bring part of Count Eight. Among other things, Count Eight raises a facial challenge to Alabama Rule of Disciplinary Procedure 26(h). (Doc. 1 at 16–17).

Rule 26(h) provides:

(1) A disbarred lawyer may not engage in the practice of law or in any employment in the legal profession.

> (2) A lawyer on disability inactive status or a suspended lawyer may seek permission from the Disciplinary Commission to seek employment in the legal profession. Permission will be granted only if the lawyer has complied with all the conditions of suspension or disability and has demonstrated exemplary conduct indicative of reinstatement.

Ala. R. Disc. P. 26(h)(1)–(2).

Mr. Overall's complaint challenges both subparagraphs (h)(1) and (h)(2). (*See* Doc. 1 at 16–17). But subparagraph (h)(1) relates only to disbarred attorneys. *See* Ala. R. Disc. P. 26(h)(1). The Alabama State Bar has not disbarred Mr. Overall, nor has he alleged that disbarment is imminent. Accordingly, Mr. Overall lacks standing to challenge any rules specific to disbarred attorneys, including Rule 26(h)(1). *See Bloedorn*, 631 F.3d at 1228; *Koziara*, 392 F.3d at 1305. The court WILL DISMISS WITHOUT PREJUDICE the part of Count Eight raising a facial challenge to Rule 26(h)(1).

In summary, the court WILL DISMISS WITHOUT PREJUDICE Count One, in its entirety, and the part of Count Eight raising a facial challenge to Rule 26(h)(1).

### b. *Rooker-Feldman* Doctrine

Defendants contend that the *Rooker-Feldman* doctrine bars Counts Two, Five, and Six because those claims are inextricably intertwined with Mr. Overall's disciplinary proceedings. (Doc. 11 at 18–19, 28–29, 36–37, 41–43). The court agrees, and also concludes that the *Rooker-Feldman* doctrine bars the court's consideration of the as-applied challenges that Mr. Overall raises in Counts Three, Four, Eight, and Nine, but not the as-applied challenge raised in Count Seven.

The *Rooker-Feldman* doctrine precludes federal courts "from exercising appellate jurisdiction over final state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). The Supreme Court has held:

United States District Courts . . . have subject matter jurisdiction over general challenges to state bar rules, promulgated by state courts in non-judicial proceedings, which do not require review of a final state court judgment in a particular case. They do not have jurisdiction, however, over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme] Court.

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).

The Eleventh Circuit has explained that the *Rooker-Feldman* doctrine bars claims that a state court actually adjudicated *or* that are "inextricably intertwined" with a state court judgment. *Target Media Partners v. Specialty Marketing Corp.*, 881 F.3d 1279, 1286 (11th Cir. 2018). A claim is inextricably intertwined with a state court judgment "if it asks to effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." *Id.* (quotation marks omitted). And inextricably intertwined claims include those that "rais[e] a question that was *or should have been* properly before the state court." *Id.* (emphasis added). Under the Alabama Rules of Disciplinary Procedure, an attorney may appeal an adverse decision of the Disciplinary Board or the Disciplinary Commission directly to the Alabama Supreme Court. Ala. R. Disc. P. 12(f)(1).

Counts Two, Three, Seven, and Eight raise facial *and* as-applied challenges to various Alabama Rules of Disciplinary Procedure, while Counts Four, Five, Six, and Nine raise *only* as-applied challenges to other Alabama Rules of Disciplinary Procedure. (*See* Doc. 1 at 7–18). The court concludes that the *Rooker-Feldman* doctrine does not bar the *facial* challenges raised in Counts Two, Three, Seven, and Eight. *See Feldman*, 460 U.S. at 486 ("United States District Courts . . . have subject matter jurisdiction over general challenges to state bar rules, promulgated by state courts in non-judicial proceedings, which do not require review of a final

state court judgment in a particular case.").  But the court must address the as-applied claims separately to determine whether the *Rooker-Feldman* doctrine bars them.

The as-applied claim in Count Two asserts that Defendants violated Mr. Overall's rights to equal protection and due process because they summarily suspended him and prohibited him from petitioning for reinstatement until he paid certain costs associated with his disciplinary proceedings.  (Doc. 1 at 8).  Success on that claim would necessarily invalidate the Disciplinary Commission's orders dismissing his third petition for reinstatement and summarily suspending Mr. Overall's license.  *See Target Media Partners*, 881 F.3d at 1286.  Accordingly, the *Rooker-Feldman* bars the as-applied claim raised in Count Two.

The as-applied claim in Count Three asserts that Defendants violated Mr. Overall's rights to substantive and procedural due process because Defendants did not hold a hearing on Mr. Overall's reinstatement petition until months after his 91-day suspension had ended.  (Doc. 1 at 9–10).  This claim is inextricably intertwined with the Disciplinary Board's denial of Mr. Overall's petitions for reinstatement because he could have raised it in an appeal of those denials.  *See Target Media Partners*, 881 F.3d at 1286.  The *Rooker-Feldman* doctrine bars the as-applied claim raised in Count Three.

Count Four asserts only an as-applied claim that the burden of proof at Mr. Overall's reinstatement hearings violated his substantive and procedural due process rights because the burden should rest on Defendants to prove facts supporting their decision to deprive him of his right to work in the legal field.  (Doc. 1 at 11–12).  Again, this claim is inextricably intertwined with the Disciplinary Board's denial of Mr. Overall's petitions for reinstatement because success on this claim would "effectively nullify" the denial of his petition, and he could have raised this

argument on appeal from the denial of his petitions. *See Target Media Partners*, 881 F.3d at 1286. The *Rooker-Feldman* doctrine bars Count Four in its entirety.

Count Five asserts only an as-applied claim that Defendants' submission of Mr. Overall's previous record at his reinstatement hearings violated his substantive and procedural due process rights because it required him to defend against charges for which he had already been sanctioned. (Doc. 1 at 12–13). This claim, too, is inextricably intertwined with the Disciplinary Board's denial of Mr. Overall's petitions for reinstatement because he could have raised it on appeal from the denial of his petition. *See Target Media Partners*, 881 F.3d at 1286. The *Rooker-Feldman* doctrine bars Count Five in its entirety.

Count Six asserts only an as-applied claim that Defendants' method of deciding reinstatement petitions violated Mr. Overall's substantive and procedural due process rights because (1) the order denying his petitions lacked written reasons; (2) the order imposed an additional sanction on top of the suspension that he had agreed to in his plea agreement; and (3) Defendants provided no criteria showing how they make such decisions. (Doc. 1 at 14). As with the earlier counts, this claim is inextricably intertwined with the Disciplinary Board's denial of Mr. Overall's reinstatement petitions because he already has, or could have, raised those arguments in his appeals of the denials. *See Target Media Partners*, 881 F.3d at 1286. The *Rooker-Feldman* doctrine bars Count Six in its entirety.

The as-applied claim raised in Count Seven asserts that Defendants' rule prohibiting Mr. Overall from reapplying for reinstatement for a year from the Disciplinary Board's denial of his petition for reinstatement violates his substantive and procedural due process rights. (Doc. 1 at 15). Unlike Mr. Overall's other as-applied claims, the *Rooker-Feldman* doctrine does *not* bar this claim. The Disciplinary Board has not denied any of Mr. Overall's petitions for

reinstatement based on this procedural rule, so he has had no opportunity to raise this constitutional challenge in his disciplinary proceedings. Nor is this claim inextricably intertwined with the Board's denials of his petitions because success on it would not nullify any of the Board's earlier denials. *See Target Media Partners*, 881 F.3d at 1286. The *Rooker-Feldman* doctrine does not bar the as-applied claim raised in Count Seven.

The as-applied claim raised in Count Eight asserts that Defendants violated Mr. Overall's substantive and procedural due process rights by denying him the right to seek employment in the legal profession. (Doc. 1 at 16–17). Success on the merits of this claim would invalidate the Disciplinary Commission's denials of Mr. Overall's petitions to seek legal employment, and he could have raised his constitutional arguments on appeal from those denials. *See Target Media Partners*, 881 F.3d at 1286. As a result, the *Rooker-Feldman* doctrine bars the as-applied claim raised in Count Eight.

Count Nine asserts only an as-applied claim that Defendants violated Mr. Overall's rights to equal protection and due process by denying him the right to work in his chosen profession. (Doc. 1 at 18). Like Count Eight, success on the merits of this claim would invalidate the Disciplinary Commission's denials of Mr. Overall's petitions to seek legal employment, and he could have raised his constitutional arguments on appeal from those denials. *See Target Media Partners*, 881 F.3d at 1286. The *Rooker-Feldman* doctrine bars Count Nine in its entirety.

In summary, the court WILL DISMISS WITHOUT PREJUDICE Counts Four, Five, Six, and Nine in their entirety because they raise only as-applied challenges to Mr. Overall's disciplinary proceedings that could have been reviewed on appeal to the Alabama Supreme Court, so the *Rooker-Feldman* doctrine bars the court's consideration of those claims. The court WILL DISMISS WITHOUT PREJUDICE the as-applied claims raised in Counts Two, Three,

and Eight because the *Rooker-Feldman* doctrine deprives this court of jurisdiction over those claims. But the *Rooker-Feldman* doctrine does not deprive this court of jurisdiction over the facial or as-applied claims raised in Count Seven, or the facial challenges raised in Counts Two, Three, and Eight.

### c.      Summary of Dismissal of Individual Counts

The court WILL DISMISS WITHOUT PREJUDICE Counts One, Four, Five, Six, and Nine because of lack of standing. The court WILL DISMISS WITHOUT PREJUDICE the as-applied claims raised in Counts Two, Three, and Eight because the *Rooker-Feldman* doctrine bars those claims. This court has jurisdiction over (1) the facial challenges raised in Counts Two and Three; (2) the facial and as-applied challenges raised in Count Seven; and (3) the facial challenge to Rule 26(h)(2) raised in Count Eight.

### 4.      Defendants

As stated above, the court will group the defendants as follows: (1) the Alabama State Bar; (2) Mr. Watson and Mr. Bedsole; and (3) Mr. McIntire. In each section, the court will address, first, any applicable jurisdictional bars. Second, to the extent necessary, the court will address any arguments Defendants raise about why they are entitled to summary judgment on the merits.

### a.      The Alabama State Bar

Defendants contend that the Eleventh Amendment bars Mr. Overall's claims against the Alabama State Bar. (Doc. 11 at 15). "The Eleventh Amendment provides that the 'Judicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the . . . States' by citizens of another State, U.S. Const., Amdt. 11, and (as interpreted) by its own citizens." *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S.

613, 618 (2002).  The Eleventh Circuit has squarely held that "the Alabama State Bar is an arm

of the state of Alabama and thus enjoys Eleventh Amendment immunity from . . . § 1983

claim[s]."  *Nichols v. Ala. State Bar*, 815 F.3d 726, 732 (11th Cir. 2016).  Accordingly, the court

concludes that Eleventh Amendment immunity protects the Alabama State Bar from this lawsuit,

and the court WILL DISMISS WITHOUT PREJUDICE the Alabama State Bar as a defendant.

### b.    Mr. Watson and Mr. Bedsole

Defendants contend that Mr. Watson and Mr. Bedsole are entitled to summary judgment

because Mr. Overall seeks only prospective relief from them, but their terms working for the

Alabama State Bar had ended by the time he filed his complaint.[3]  (Doc. 11 at 17).  The court

agrees.

As Mr. Overall concedes, Mr. Watson and Mr. Bedsole no longer worked for the

Alabama State Bar by the time Mr. Overall filed his complaint.  (Doc. 1 at 2; Doc. 12-10; Doc.

12-11).  "[A] suit against a state official in his or her official capacity is not a suit against the

official but rather is a suit against the official's office."  *Will v. Mich. Dep't of State Police*, 491

U.S. 58, 71 (1989).  As a result, a plaintiff cannot file suit against a *former* state official in his

official capacity, because that person no longer represents the office.  *See Williams v. Goldsmith*,

4 F. Supp. 2d 1112, 1122 (M.D. Ala. 1998) ("To allow official capacity claims against [the

former state employees] would be to allow them to be sued as representatives of an entity that

they are no longer represent.").

---

[3] Defendants do not assert Eleventh Amendment immunity as a bar to the claims against
Mr. Watson and Mr. Bedsole.  (*See generally* Doc. 11).  Although "Eleventh Amendment
immunity is in the nature of a jurisdictional bar," the court need not raise Eleventh Amendment
immunity on its own motion.  *See Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot.*, 91 F.3d
1445, 1448 (11th Cir. 1996); *see also Brown v. Fla. Dep't of Revenue Office of Child Support
Enf't*, 697 F. App'x 692 (11th Cir. 2017).

Accordingly, the court WILL GRANT the motion for partial summary judgment and WILL ENTERY SUMMARY JUDGMENT in favor of Mr. Watson and Mr. Bedsole and against Mr. Overall on all claims over which the court has jurisdiction; *i.e.*, on (1) the facial challenges raised in Counts Two and Three; (2) the facial and as-applied challenges raised in Count Seven; and (3) the facial challenge to Rule 26(h)(2) raised in Count Eight.

### c.    Mr. McIntire—Jurisdiction

Defendants contend that, because Mr. McIntire lacks the authority to enforce Rules 8(e) and 28(e), Count Two fails to state a claim against him. (Doc. 11 at 17–18, 30). Likewise, Defendants contend that, because Mr. McIntire lacks the authority to enforce Rule 26(h)(2), Count Eight fails to state a claim against him. (Doc. 11 at 17–18, 30, 50–51). But the case that Defendants cite in support of their argument about Mr. McIntire relates to Eleventh Amendment immunity, not to a plaintiff's failure to state a claim. (*See id.* at 17–18); *Summit Med. Assoc., P.C. v. Pryor*, 180 F.3d 1326, 1342 (11th Cir. 1999). The court, therefore, construes Defendants' argument to be that the Eleventh Amendment protects Mr. McIntire from Counts Two and Eight.[4]

The Eleventh Amendment protects "agents and instrumentalities of the State" from lawsuits against them in their official capacities. *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc). Mr. McIntire is assistant general counsel for the Office of General Counsel for the Alabama State Bar. (Doc. 1 at 2; Doc. 12-1 at 1). As such, he performs "the investigation and prosecution of attorney disciplinary matters." (Doc. 12-1 at 1); Ala. R. Disc. P. 6 (setting out the duties of the General Counsel, including assistants to the General Counsel). Because the

---

[4] Defendants also contend that Eleventh Amendment immunity protects Mr. McIntire from Counts One, Six, and Nine, but because the court will dismiss those counts on other jurisdictional grounds, the court will not address that argument.

Alabama State Bar is an arm of the State and Mr. McIntire is its agent, he is a state official whom the Eleventh Amendment, if applicable, would protect.

But the *Ex parte Young* doctrine creates an exception to Eleventh Amendment immunity for state officials. Under the *Ex parte Young* doctrine, "official-capacity suits against state officials are permissible . . . when the plaintiff seeks '*prospective* equitable relief to end *continuing* violations of federal law." *Lane v. Central Ala. Comm. Coll.*, 772 F.3d 1349, 1351 (11th Cir. 2014) (citation altered) (emphases in original) (quoting *Summit Med. Assocs.*, 180 F.3d at 1336); *see also Ex parte Young*, 209 U.S. 123 (1908). The Supreme Court has explained that "[i]n making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Ex parte Young*, 209 U.S. at 157. Accordingly, the *Ex parte Young* doctrine does not remove a defendant's immunity "where the officer who is charged has no authority to enforce the challenged statute." *Summit Med. Assocs.*, 180 F.3d at 1341–42.

In Counts Two and Eight, Mr. Overall seeks prospective relief to end alleged continuing violations of federal law. (*See* Doc. 1 at 7–9, 16–17). So, the court must determine whether Mr. McIntire has "some connection with the enforcement of" the rules challenged in Counts Two and Eight—in other words, whether he has some connection with the enforcement of Rules 8(e), 26(h)(2), or 28(e)—so that the *Ex parte Young* doctrine would permit Mr. Overall's claims against Mr. McIntire to proceed.

### i.    *Count Two*

The remaining part of Count Two challenges Rule 8(e) and Rule 28(e) of the Alabama

Rules of Disciplinary Procedure as facially violating the Equal Protection and Due Process

Clauses of the United States Constitution.  (Doc. 1 at 7–9).  Rule 8(e) provides:

> A member who fails to pay any assessment, *costs*, or restitution as ordered by the Alabama Supreme Court, the Disciplinary Commission, or the Disciplinary Board within 30 days following entry of the judgment or order or a later time as fixed in the judgment or order . . . shall be summarily suspended upon order of the Disciplinary Commission of the Alabama State Bar, pursuant to Rule 20 of these Rules.

Ala. R. Disc. P. 8(e) (emphasis added).

Rule 20 provides that the Disciplinary Commission suspends licenses on petition of the

General Counsel.  Ala. R. Disc. P. 20(a)(1)–(a)(3).

In relevant part, Rule 28(e) provides:

> All costs associated with the reinstatement proceeding must be paid by the petitioner within thirty (30) days of the conclusion of the reinstatement hearing. In the event the petitioner's reinstatement is denied, the petitioner shall not be eligible to petition for reinstatement until all costs of the prior reinstatement proceeding have been paid.

Ala. R. Disc. P. 28(e).

The court concludes that Eleventh Amendment immunity does not shield Mr. McIntire

from a lawsuit against him in his official capacity concerning Rule 8(e), but it does shield him

from a lawsuit concerning Rule 28(e).  Rule 8(e), by incorporating Rule 20, requires that the

General Counsel (or assistant general counsel) petition the Disciplinary Commission to suspend

an attorney's license for failure to pay costs.  As a result, the court concludes that Mr. McIntire is

sufficiently connected to the initiation of a summary suspension proceeding that the *Ex parte*

*Young* doctrine removes his Eleventh Amendment immunity from suit on that count.

*See Summit Med. Assocs.*, 180 F.3d at 1341–42.

By contrast, Rule 28(e) neither requires nor, apparently, permits any action by or on behalf of the General Counsel. *See* Ala. R. Disc. P. 28(e). The rule operates automatically to prevent a petition for reinstatement until the petitioner has paid the costs of an earlier reinstatement proceeding. *See id.* As a result, the *Ex parte Young* doctrine does not remove Mr. McIntire's immunity from suit on that count.

The court WILL DISMISS WITHOUT PREJUDICE the part of Count Two naming Mr. McIntire and challenging Rule 28(e), because the Eleventh Amendment protects him from that challenge. But the court concludes that, under the *Ex parte Young* doctrine, it has jurisdiction over the part of Count Two naming Mr. McIntire and challenging Rule 8(e).

### ii.    Count Eight

In the remaining part of Count Eight, Mr. Overall challenges the facial validity of Rule 26(h)(2) of the Alabama Rules of Disciplinary Procedure. (Doc. 1 at 16). Rule 26(h)(2) governs suspended lawyers seeking employment in the legal profession:

> [A] suspended lawyer may seek permission from the Disciplinary Commission to seek employment in the legal profession. Permission will be granted *only* if the lawyer has complied with all the conditions of suspension . . . *and* has demonstrated exemplary conduct indicative of reinstatement. In the event that permission is granted, the lawyer shall not have any contact with the clients of the office either in person, by telephone, or in writing. A lawyer who has been suspended shall be subject to this rule until such time as the lawyer has been reinstated to the practice of law pursuant to Rule 28 of these Rules.

Ala. R. Disc. P. 26(h)(2) (emphases added).

Mr. Overall argues that the rule violates substantive and procedural due process because (1) the Alabama State Bar controls only the practice of law, not any work "directly or indirectly related to the practice of law"; and (2) the rule lacks any guidelines or procedures governing how Defendants make a decision on a petitioner's request to seek legal employment. (Doc. 1 at 16–17).

Mr. McIntire contends that he lacks authority to enforce this rule; instead, the Disciplinary Commission decides whether to grant a request to seek legal work. (Doc. 11 at 50–51). The court agrees. Mr. McIntire, as assistant general counsel, has nothing to do with the Disciplinary Commission's decision on a petition by a suspended lawyer to seek employment in the legal profession. *See* Ala. R. Disc. P. 26(h)(2). Although Mr. McIntire may be the person to *notify* a petitioner of the Disciplinary Commission's decision, no indication exists that Mr. McIntire takes part in the decision in any way. Accordingly, Mr. McIntire is not sufficiently connected to the enforcement of Rule 26(h)(2), and the *Ex parte Young* doctrine does not deprive him of Eleventh Amendment immunity. The court WILL DISMISS WITHOUT PREJUDICE Count Eight to the extent it names Mr. McIntire as a defendant.

### d. Mr. McIntire—Merits

The only claims against Mr. McIntire that survive are (1) Count Two, raising a facial challenge to Rule 8(e); (2) Count Three, raising a facial challenge to Rule 28(b) and (c); and (3) Count Seven, raising facial and as-applied challenges to Rule 28(i). As mentioned above, Mr. McIntire does not challenge the *facial* challenges raised in Count Three or Seven, so those claims will proceed. But Mr. McIntire does seek summary judgment on (1) the part of Count Two raising a facial challenge to Rule 8(e); and (2) the part of Count Seven raising an as-applied challenge to Rule 28(i). The court will now address those arguments.

#### i. Count Two (Facial Challenge to Rule 8(e))

In Count Two, Mr. Overall claims that Rule 8(e) facially violates equal protection and due process because it deprives an attorney of the right to work based on the attorney's ability to pay money. (Doc. 1 at 7–8). Rule 8(e) provides:

> A member who fails to pay any assessment, costs, or restitution as ordered by the Alabama Supreme Court, the Disciplinary Commission, or the Disciplinary Board

within 30 days following entry of the judgment or order or a later time as fixed in the judgment or order . . . shall be summarily suspended upon order of the Disciplinary Commission of the Alabama State Bar . . . .

Ala. R. Disc. P. 8(e).

While a state bar association regulates who can practice law, the Constitution places some limits on how it may regulate attorneys. Specifically, "[a] State cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment." *Schware v. Bd. of Bar Exam. of State of New Mexico*, 353 U.S. 232, 238–39 (1957). The Equal Protection Clause prohibits a State from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XI, § 1.

When a plaintiff asserts that a rule violates equal protection, "the degree of scrutiny the court applies depends upon the basis for the classification." *Leib v. Hillsborough Cty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1306 (11th Cir. 2009). If the challenged rule infringes on a fundamental right or treats individuals differently because of their membership in a suspect classification, the court must strictly scrutinize the rule. *Id.* Otherwise, the court scrutinizes the rule for a rational relation to a legitimate government purpose. *Id.*

Count Two appears to assert only that the rule violates equal protection because it has a disparate impact on attorneys with less money; *i.e.*, that it treats the wealthy and the poor unequally. (*See* Doc. 1 at 7–8). The Supreme Court has stated that "this Court has held repeatedly that poverty, standing alone is not a suspect classification." *Harris v. McRae*, 448 U.S. 297, 323 (1980); *see also Maher v. Roe*, 432 U.S. 464, 471 (1977) ("[T]his Court has never held that financial need alone identifies a suspect class for purposes of equal protection analysis."); *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 29 (1973) ("[T]his Court has

never heretofore held that wealth discrimination alone provides an adequate basis for invoking strict scrutiny.").  Mr. Overall does not point to any reason why this case is different from the cases in which the Supreme Court has concluded that poverty is not a suspect classification warranting a higher level of scrutiny.

Mr. Overall also appears to argue that the right to work is fundamental, which would also give rise to strict scrutiny.  But the Eleventh Circuit has long held that "employment rights . . . are not 'fundamental' rights created by the Constitution."  *McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994) (en banc).  Accordingly, the court will scrutinize Rule 8(e) for a rational relation to a legitimate government purpose.

Defendants contend that they have a rational interest in enforcing the orders of the Disciplinary Commission and the Disciplinary Board by summarily suspending attorneys who do not pay the costs, fees, and restitution ordered against members.  (Doc. 11 at 34).  The court agrees.  Defendants have a legitimate government interest in monitoring and penalizing attorneys for unprofessional conduct.  *See Schware*, 353 U.S. at 239 ("A State can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar. . . ."); *United Mine Workers of Am., Dist. 12 v. Ill. State Bar Ass'n*, 389 U.S. 217, 222 (1967) ("States have broad power to regulate the practice of law . . . .").  They also have a legitimate interest in preventing the general membership from bearing the burden of disciplinary proceedings.  Finally, they have a legitimate interest in enforcing the rule requiring attorneys to pay the costs and fees associated with disciplinary proceedings.  Their solution—to summarily suspend attorneys who have failed to pay those costs and fees—is legitimately related to those interests.

As to Mr. Overall's contention that Rule 8(e) violates due process, he does not specify whether he means substantive or procedural due process. (Doc. 1 at 7–8). But because "employment rights . . . are not 'fundamental' rights created by the Constitution, they do not enjoy substantive due process protection." *McKinney*, 20 F.3d at 1560. As a result, the court concludes that Mr. Overall must be raising a procedural due process claim.

A procedural due process claim requires "(1) a deprivation of constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Cook v. Randolph County, Ga.*, 573 F.3d 1143, 1148–49 (11th Cir. 2009) (quoting *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)). In addition, because Mr. Overall challenges Rule 8(e) on its face, he cannot prevail unless he can demonstrate that "no set of circumstances exists under which the [rule] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987).

Mr. Overall asserts in a conclusory manner that Rule 8(e) violates due process, but he provides no argument about how Rule 8(e) on its face provides inadequate process. (*See, e.g.*, Doc. 15 at 8–9). The requirement that an attorney pays the costs, fees, and restitution assessed during his disciplinary proceedings does not, by itself, constitute a violation of procedural due process.

For these reasons, the court WILL GRANT Defendants' motion for partial summary judgment and WILL ENTER SUMMARY JUDGMENT in favor of Mr. McIntire and against Mr. Overall on the part of Count Two raising a facial challenge to Rule 8(e).

*ii.       Count Seven (As-Applied Challenge to Rule 28(i))*

In the as-applied part of Count Seven, Mr. Overall contends that the application of Alabama Rule of Disciplinary Procedure 28(i) violated his substantive and procedural due process rights. (Doc. 1 at 15). Rule 28(i) provides: that "[n]o petition for reinstatement under

27

this rule shall be filed within one year following an adverse order of the Disciplinary Board, which has become final, on a petition for reinstatement filed by or on behalf of the same person." Ala. R. Disc. P. 28(i). Mr. Overall argues that the year-long prohibition on filing a new petition for reinstatement infringes on his right to use his law license that requires a pre-deprivation hearing. (Doc. 15 at 14).

Again, Mr. Overall does not specify whether he means to bring a substantive or procedural due process claim. However, as discussed above, "employment rights . . . are not 'fundamental' rights created by the Constitution, [so] they do not enjoy substantive due process protection." *McKinney*, 20 F.3d at 1560. As a result, the only type of due process claim Mr. Overall could bring is a procedural due process claim.

And again, a procedural due process claim requires "(1) a deprivation of constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Cook*, 573 F.3d at 1148–49. The former Fifth Circuit, whose holdings bind this court, held that the procedural due process guarantee contained in the Fourteenth Amendment protects "the right to practice any of the common occupations of life, and for others to engage the individual to perform those acts which are his occupation." *Shaw v. Hosp. Auth. of Cobb Cty.*, 507 F.2d 625, 628 (5th Cir. 1975). And the Supreme Court has indicated that, where a State seeks to exclude a lawyer from practicing law, due process requires that the State hold a hearing before so excluding the lawyer. *Willner v. Comm. of Character & Fitness*, 373 U.S. 96, 102–03, 106 (1963).

Mr. Overall has not demonstrated that Defendants denied him constitutionally adequate process. Mr. McIntire, on behalf of the Alabama State bar, petitioned to summarily suspend Mr. Overall for failure to pay assessments and costs of his previous petitions for reinstatement.

(Doc. 12-7 at 1). Mr. Overall responded in opposition, *conceding* that he owed at least some part of the money Mr. McIntire alleged he owed, and that he had not paid that money. (*Id.* at 12-7 at 17–20). The Disciplinary Commission granted Mr. McIntire's petition in a written, reasoned order, based in part of Mr. Overall's concession that he owed the funds. (*Id.* at 34–35).

The Disciplinary Commission did not hold a hearing on the petition to summarily suspend Mr. Overall. But he conceded the grounds of the petition—that he owed at least some of the money that Mr. McIntire alleged he owed. In these circumstances, a hearing would not have provided any additional process—it would not have benefitted him or protected him more than the written briefing. *Cf. Tenn. Secondary Sch. Athletic Ass'n v. Brentwood Acad.*, 551 U.S. 291, 303–04 (2007) (assuming that the defendant's acceptance of *ex parte* evidence at a hearing violated the plaintiff's due process rights, but concluding that any violation "was harmless beyond a reasonable doubt" because the *ex parte* evidence did not increase the severity of the penalties leveled against the plaintiff). As a result, the application of Rule 28(i) to Mr. Overall did not violate his procedural due process rights. The court WILL GRANT Defendants' motion for partial summary judgment and WILL ENTERY SUMMARY JUDGMENT in favor of Mr. McIntire and against Mr. Overall on the as-applied claim raised in Count Seven.

## III.    CONCLUSION

The court WILL DISMISS WITHOUT PREJUDICE the Alabama State Bar as a defendant because it is entitled to Eleventh Amendment immunity.

Count One

The court WILL DISMISS WITHOUT PREJUDICE Count One because Mr. Overall lacks standing to raise that count.

Count Two

The court WILL DISMISS WITHOUT PREJUDICE the as-applied claims raised in Count Two as to all Defendants because the *Rooker-Feldman* doctrine deprives this court of jurisdiction over those claims.

The court WILL DISMISS WITHOUT PREJUDICE the part of Count Two as to Mr. McIntire and challenging the facial validity of Rule 28(e) of the Alabama Rules of Disciplinary Procedure, because the Eleventh Amendment protects him from that claim.

The court WILL GRANT Defendants' motion for partial summary judgment and WILL ENTER SUMMARY JUDGMENT in favor of Mr. Watson and Mr. Bedsole and against Mr. Overall on Count Two because they were no longer officers of the Alabama State Bar when Mr. Overall filed this lawsuit.

The court WILL GRANT Defendants' motion for partial summary judgment and WILL ENTER SUMMARY JUDGMENT in favor of Mr. McIntire and against Mr. Overall on the facial challenge to Rule 8(e) because the rule is constitutional.

Count Three

The court WILL DISMISS WITHOUT PREJUDICE the as-applied claims raised in Count Three because the *Rooker-Feldman* doctrine deprives this court of jurisdiction over those claims.

The court WILL GRANT Defendants' motion for partial summary judgment and WILL ENTER SUMMARY JUDGMENT in favor of Mr. Watson and Mr. Bedsole and against Mr. Overall on Count Three because they were no longer officers of the Alabama State Bar when Mr. Overall filed this lawsuit.

The court WILL NOT dismiss or grant summary judgment in favor of Mr. McIntire on the facial challenges contained in Count Three.

<u>Counts Four, Five, and Six</u>

The court WILL DISMISS WITHOUT PREJUDICE Counts Four, Five, and Six as to all Defendants, because those counts raise only as-applied claims, and the *Rooker-Feldman* doctrine deprives this court of jurisdiction over them.

<u>Count Seven</u>

The court WILL GRANT Defendants' motion for partial summary judgment and WILL ENTER SUMMARY JUDGMENT in favor of Mr. Watson and Mr. Bedsole and against Mr. Overall on Count Seven because they were no longer officers of the Alabama State Bar when Mr. Overall filed this lawsuit.

The court WILL GRANT Defendants' motion for partial summary judgment and WILL ENTER SUMMARY JUDGMENT in favor of Mr. McIntire and against Mr. Overall on the as-applied challenge contained in Count Seven because Mr. Overall has not demonstrated that Defendants provided constitutionally inadequate process.

The court WILL NOT dismiss or grant summary judgment in favor of Mr. McIntire on the facial challenge contained in Count Seven because Defendants did not address that challenge in their motion.

<u>Count Eight</u>

The court WILL DISMISS WITHOUT PREJUDICE the as-applied challenges to Rule 26(h)(1) and Rule 26(h)(2) raised in Count Eight because the *Rooker-Feldman* doctrine deprives this court of jurisdiction over those parts of those counts.

The court WILL DISMISS WITHOUT PREJUDICE the facial challenge to Rule 26(h)(1) because Mr. Overall lacks standing to bring that challenge.

The court WILL DISMISS WITHOUT PREJUDICE the part of Count Eight naming Mr. McIntire and making a facial challenge to Rule 26(h)(2) because the Eleventh Amendment protects him from that claim.

The court WILL GRANT Defendants' motion for partial summary judgment and WILL ENTER SUMMARY JUDGMENT in favor of Mr. Watson and Mr. Bedsole and against Mr. Overall as to the facial challenge to Rule 26(h)(2) because they were no longer officers of the Alabama State Bar when Mr. Overall filed this lawsuit.

<u>Count Nine</u>

The court WILL DISMISS WITHOUT PREJUDICE Count Nine because that count raises only an as-applied claims, and the *Rooker-Feldman* deprives this court of jurisdiction over it.

<u>Remaining Claims</u>

The following claims will remain against only Mr. McIntire: (1) the part of Count Three challenging the facial constitutionality of Rule 28(b) and (c); and (2) the part of Count Seven challenging the facial constitutionality of Rule 28(i).

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this 19th day of July, 2018.

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE