# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **MARK OVERALL,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:17-CV-2063- KOB |
| **JEREMY McINTIRE,** | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Mark Overall, a suspended attorney proceeding *pro se*, filed suit against the Alabama State Bar and several of its officers, raising claims of violation of his substantive and procedural due process rights, among other things. (Doc. 1). In a prior ruling, this court dismissed or entered judgment against Mr. Overall on every claim except the facial constitutional challenges of Counts Three and Seven as to Defendant Jeremy McIntire. (Doc. 21). In its Memorandum Opinion, this court explained these claims survived "because Defendants' motion for partial summary judgment [did] not address the part of Count Three . . . or the part of Count Seven challenging the facial constitutionality of [Rule 28(b), (c), or (i)]." (Doc. 20 at 6).

This matter now comes before the court on "Defendant Jeremy McIntire's Response to Petitioner's Motion for Final Ruling on Constitutionality." (Doc. 25). This court construed Defendant's response as a motion for summary judgment on the only two remaining counts of Mr. Overall's complaint and notified Plaintiff of its intent to do so. (Doc. 26). Plaintiff failed to respond. So for the reasons stated below, this court will GRANT Defendant's motion and will DISMISS WITH PREJUDICE Counts Three and Seven as to Mr. McIntire because the Eleventh Amendment provides Mr. McIntire immunity from suit in this case.

## I. Factual Background

The court fully incorporates the Background section of its prior Memorandum Opinion in this case. (Doc. 20 at 2–6).

In that Memorandum Opinion and its accompanying Order, this court dismissed or entered summary judgment against Plaintiff as to every claim except two—Counts Three and Seven—as to Jeremy McIntire, which sought the prospective relief of enjoining continued enforcement of facially unconstitutional disciplinary procedures. Specifically, the court declined to enter judgment on the facial challenges of Mr. Overall's third and seventh counts as to Mr. McIntire because Mr. McIntire failed to address them in his motion for summary judgment.

A little over a month after this court entered judgment against Plaintiff on all claims but Counts Three and Seven, Plaintiff filed a "Motion for Final Ruling on Constitutionality," which asked this court to rule whether subsections (b), (c), and (i) of Alabama Rule of Disciplinary Procedure 28 are constitutional. (Doc. 22). Construing Mr. Overall's motion as a motion for summary judgment, this court set a briefing schedule for both Defendant's response and Plaintiff's reply, if necessary. (Doc. 24). Defendant filed his response, (doc. 25), and Plaintiff Overall never filed any reply.

Defendant's response raises Eleventh Amendment immunity defenses to each of Mr. Overall's claims but does not move that this court enter judgment on Mr. McIntire's behalf pursuant to those arguments. Determining that Defendant's Eleventh Amendment defenses, if successful, would bar Mr. Overall's claim, this court construed Defendant's response as a motion for summary judgment and presented Mr. Overall a final opportunity to respond. (Doc. 26). Mr. Overall failed to timely respond, and indeed has still not responded at all, so this court now considers Defendant's motion without any response from Plaintiff.

## II. Discussion

Defendant Jeremy McIntire, assistant general counsel for the Office of General Counsel for the Alabama State Bar, argues that the Eleventh Amendment provides him immunity from Mr. Overall's challenges to the facial constitutionality of three subsections of Alabama Rule of Disciplinary Procedure 28. This court agrees and will GRANT Defendant's motion and DISMISSES WITH PREJUDICE the only remaining count of Plaintiff's complaint against the only remaining defendant in this case.

The Eleventh Amendment protects "agents and instrumentalities of the State" from lawsuits against them in their official capacities. *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc). Mr. McIntire is assistant general counsel for the Office of General Counsel for the Alabama State Bar. (Doc. 1 at 2; Doc. 12-1 at 1). As such, he performs "the investigation and prosecution of attorney disciplinary matters." (Doc. 12-1 at 1); Ala. R. Disc. P. 6 (setting out the duties of the General Counsel, including assistants to the General Counsel). Because the Alabama State Bar is an arm of the State and Mr. McIntire is its agent, he is a state official whom the Eleventh Amendment, if applicable, would protect. *See Nichols v. Alabama State Bar*, 815 F.3d 726, 732 (11th Cir. 2016) ("After considering the four factors, we agree with the district court's conclusion that the Alabama State Bar is an arm of the state of Alabama and thus enjoys Eleventh Amendment immunity . . . .").

But the *Ex parte Young* doctrine creates an exception to the Eleventh Amendment immunity for state officials. Under the *Ex parte Young* doctrine, "official-capacity suits against state officials are permissible . . . when the plaintiff seeks '*prospective* equitable relief to end *continuing* violations of federal law." *Lane v. Central Ala. Comm. Coll.*, 772 F.3d 1349, 1351 (11th Cir. 2014) (citations altered) (emphases in original) (quoting *Summit Med. Assocs., P.C. v.*

*Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999); *see also Ex parte Young*, 209 U.S. 123 (1908). The Supreme Court has explained that "[i]n making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Ex parte Young*, 209 U.S. at 157. Accordingly, the *Ex parte Young* doctrine does not remove a defendant's immunity "where the officer who is charged has no authority to enforce the challenged statute." *Summit Med. Assocs.*, 180 F.3d at 1341–42.

In Counts Three and Seven, Mr. Overall seeks prospective relief to end alleged continuing violations of federal law. (*See* Doc. 1 at 9–10, 15–16). So the court must determine whether Mr. McIntire has "some connection with the enforcement of" the rules challenged in Counts Three and Seven—in other words, whether he has some connection with the enforcement of Rule28(b), (c), and (i)—so that the *Ex parte Young* doctrine would permit Mr. Overall's claims against Mr. McIntire to proceed.

  A. Rule 28(b)

Count Three of Mr. Overall's complaint challenges the facial constitutionality of the timing of reinstatement proceedings as governed by Alabama Rule of Disciplinary Procedure 28(b). Rule 28(b) provides:

> A lawyer who has been suspended for more than ninety (90) days may not apply for reinstatement until the period of suspension has terminated. A lawyer who has been disbarred by consent or after hearing, or who has surrendered his or her license, may not apply for reinstatement until the expiration of at least five (5) years from the effective date of the disbarment or surrender of license. A lawyer on disability inactive status may apply for reinstatement pursuant to Rule 27(g) of these Rules.

Rule 28(b) neither requires nor permits any action by or on behalf of the General Counsel. The rule operates automatically to prevent a petition for reinstatement until the period of suspension has terminated. So the *Ex parte Young* doctrine does not remove Mr. McIntire's immunity from suit on that count.

B. Rule 28(c)

Count Three of the complaint also challenges the facial constitutionality of the timing of reinstatement proceedings as governed by Alabama Rule of Disciplinary Procedure 28(c). In relevant part, Rule 28(c) provides:

> Petitions for reinstatement shall be filed with the Disciplinary Clerk of the Alabama State Bar and served upon the General Counsel and shall be in the form and contain the material specified in Appendix "A" to these Rules. A petition that does not substantially comply with the form specified in Appendix "A" or that does not contain the information and documents specified in Appendix "A" or that does not contain satisfactory proof of compliance with the provisions of Rule 26 of these Rules shall constitute prima facie evidence that the petitioner has not met the burden of proof required for reinstatement under this rule, and the petition shall be summarily denied. Upon receipt by the Disciplinary Board of a petition that substantially complies with Appendix "A," a Disciplinary Hearing Officer shall promptly set the petition for a hearing.

While Rule 28(c) specifically mentions the General Counsel, it does not contemplate or require the General Counsel or the General Counsel's office to have any involvement in the timing of a petitioner's reinstatement hearing. Instead, Rule 28(c) obligates suspended attorneys to serve upon the General Counsel their petitions for reinstatement but then tasks the Disciplinary Hearing Officer to "promptly set the petition for a hearing." So the *Ex parte Young* doctrine also fails to remove Mr. McIntire's immunity from suit on that count.

C. Rule 28(i)

Finally, Count Seven of Mr. Overall's complaint challenges the facial constitutionality of the reapplication process as governed by Alabama Rule of Disciplinary Procedure 28(i). Rule 28(i) provides:

> No petition for reinstatement under this rule shall be filed within one year following an adverse order of the Disciplinary Board, which has become final, on a petition for reinstatement filed by or on behalf of the same person.

Rule 28(i) does not require any action by or on behalf of the General Counsel. The rule simply prohibits suspended attorneys from petitioning for reinstatement within one year of a prior adverse decision by the Disciplinary Board. The *Ex parte Young* doctrine does not remove Mr. McIntire's immunity from suit on that count.

### III. Conclusion

For the reasons discussed above, this court will GRANT Defendant Jeremy McIntire's motion and will DISMISS WITH PREJUDICE the facial challenges of Counts Three and Seven against Mr. McIntire as barred by the Eleventh Amendment.

**DONE** and **ORDERED** this 4th day of February, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE